# EXHIBIT A

ZACHARY PETER LOWE (13792)
ERIC W. HINCKLEY (13991)
LOWE LAW GROUP
6028 S. Ridgeline Drive
Suite 203
Ogden, UT 84405
Telephone: (801) 917-8500
Facsimile: (801) 917-8484
*Attorneys for Plaintiff*

---

IN THE THIRD JUDICIAL DISTRICT COURT OF SALT LAKE COUNTY,

SALT LAKE DEPARTMENT, STATE OF UTAH

---

| | |
|---|---|
| JEANETTE RILEY, individually, on behalf of the heirs and as Personal Representative of the Estate of Stanley Joseph Riley, deceased,<br><br>Plaintiff,<br><br>vs.<br><br>BENNETT INTERNATIONAL GROUP, LLC, a Georgia limited liability company; BENNETT TRUCK TRANSPORT, LLC, a Georgia limited liability company; BENNETT MOTOR EXPRESS, LLC, a Georgia limited liability company; BENNETT MOTOR EXPRESS, INC., a Georgia corporation; IVAN FENNELL, an individual, **Does I through X**, and **Roe Companies XI through XX**, inclusive,<br><br>Defendants. | **SUMMONS**<br><br><br><br><br><br><br><br><br><br>Case No. 140906034<br>Judge:   Bruce Lubeck |

THE STATE OF UTAH TO THE ABOVE-NAMED DEFENDANT (Bennett Motor Express, Inc.):

You are hereby summoned and required to file an Answer in writing to the attached Complaint with the Clerk of the above-entitled Court, 450 S. Main Street, P.O. Box 1860, Salt Lake City, UT, 84114 and to serve upon, or mail to the Lowe Law Group, located at 6028 S.

1

Ridgeline Drive, Suite 203, Ogden, Utah 84405 a copy of said Answer, within 20 days (30 days if you are not a resident of Utah) after service of this Summons upon you.

If you fail to do so, judgment by default will be taken against you for the relief demanded in said Complaint, which has been filed with the Clerk of said Court and a copy of which is hereto annexed and herewith served upon you.

DATED this 2nd day of September, 2014.

**LOWE LAW GROUP**

/s/ Pete Lowe
Zachary Peter Lowe
Eric Hinckley
Attorneys for Plaintiff

**DEFENDANT'S ADDRESS**
Bennett Motor Express, Inc.
Rod Meadows
101 Eagle's Pointe Parkway
Stockbridge, GA 30281

2

ZACHARY PETER LOWE (13792)
ERIC W. HINCKLEY (13991)
LOWE LAW GROUP
6028 S. Ridgeline Drive
Suite 203
Ogden, UT 84405
Telephone: (801) 917-8500
Facsimile: (801) 917-8484
*Attorneys for Plaintiff*

IN THE THIRD JUDICIAL DISTRICT COURT OF SALT LAKE COUNTY,

SALT LAKE DEPARTMENT, STATE OF UTAH

| | |
|---|---|
| JEANETTE RILEY, individually, on behalf of the heirs and as Personal Representative of the Estate of Stanley Joseph Riley, deceased,<br><br>Plaintiff,<br><br>vs.<br><br>BENNETT INTERNATIONAL GROUP, LLC, a Georgia limited liability company; **BENNETT TRUCK TRANSPORT, LLC**, a Georgia limited liability company; **BENNETT MOTOR EXPRESS, LLC**, a Georgia limited liability company; **BENNETT MOTOR EXPRESS, INC.**, a Georgia corporation; **IVAN FENNELL**, an individual, **Does I through X, and Roe Companies XI through XX**, inclusive,<br><br>Defendants. | **COMPLAINT**<br><br><br><br><br><br><br><br><br><br>Case No.<br>Judge: |

COMES NOW, Plaintiff, JEANETTE RILEY, individually, on behalf of the heirs and as

Personal Representative of the Estate of Stanley Joseph Riley, by and through their counsel of

1

record, Zachary Peter Lowe and Eric Hinckley of the Lowe Law Group, and hereby complains against the Defendants as follows:

## PARTIES

1. Plaintiff is the surviving spouse of Stanley Joseph Riley and the personal representative of Stanley Joseph Riley's estate. Plaintiff is a resident of Salt Lake County, Utah. She brings this wrongful death action on behalf of herself and all other heirs of Stanley Joseph Riley, and as personal representative of his estate.

2. Defendant Bennett International Group, LLC is a limited liability company organized under the laws of the State of Georgia and conducts business in Utah.

3. Defendant Bennett Truck Transport, LLC is a limited liability company organized under the laws of the State of Georgia and conducts business in Utah.

4. Defendant Bennett Motor Express, LLC is a limited liability company organized under the laws of the State of Georgia and conducts business in Utah.

5. Defendant Bennett Motor Express, Inc. is a limited liability company organized under the laws of the State of Georgia and conducts business in Utah.

6. Defendant Ivan Fennell is an individual who, upon information and belief, is a resident of the State of Texas.

7. Defendants Does I through X and Roe Companies XI through XX are additional persons or entities who may be liable in the above-entitled action. The true names and capacities, whether individual, corporate, associate, representative, or otherwise, of such person or entities are

not known at this time. However, these individuals or entities may consequently bear some or all of the liability in this action.

8.  Defendants listed herein are referred to collectively as "Defendants".

## JURISDICTION & VENUE

9.  All events giving rise to this Complaint occurred in Utah.

10. The court has jurisdiction over this case pursuant to Utah Code Ann. § 78B-3-307.

11. Venue is properly placed before this court pursuant to Utah Code Ann. § 78A-5-102.

## GENERAL ALLEGATIONS

12. This matter arises out of the wrongful death of Stanley Joseph Riley ("Stanley").

13. Stanley was employed by the Jordan School District as a bus driver for elementary school aged children.

14. On November 15, 2013, Stanley had just finished dropping off the children he was tasked with transporting for the day and was driving northbound on Mountain View Highway in West Jordan, Utah.

15. As the school bus approached the intersection of Mountain View Highway and Old Bingham Highway, the traffic control signal turned green and as such Stanley accelerated the school bus towards the intersection.

16. At around the same time, Defendant Ivan Fennell (hereinafter "Fennell"), an employee of Defendants (hereinafter "Bennett Trucking"), was driving a Rio Tinto cable truck eastbound on Old Bingham Highway.

17. At all times material hereto, Fennell was acting within the course and scope of his employment with Bennett Trucking.

18. Fennell failed to slow or stop the cable truck at a red light as he approached the intersection of Old Bingham Highway and Mountain View Highway.

19. As a result, Fennell motored the cable truck into the intersection striking the school bus being driven by Stanley.

20. The impact from the cable truck destroyed the front end of the school bus and forced the school bus to make contact with a disposal truck on the east side of the intersection.

21. Stanley suffered significant injuries as a result of the impact and fought for his life for approximately fifteen (15) to twenty (20) minutes following the impact.

22. Specifically, Stanley suffered multiple fractures to his lower extremities and portions of his head and face had been torn away.

23. When the school bus came to rest, Stanley's body was pinned by the twisted metal wreckage of the bus.

24. Stanley attempted to free himself from the wreckage by pushing the wreckage away from his body to no avail.

25. First responders were forced to use the Jaws of Life to free Stanley from the wreckage.

26. Unfortunately, once Stanley was freed from the wreckage, Stanley's injuries were too much to overcome and he passed away at the scene.

27. Plaintiff suffered both economic and non-economic damages as a result of the death of Stanley Riley, including but not limited to medical expenses, funeral and burial expenses, loss of earnings, loss of care, society, and companionship, and also grief and sorrow, all in amounts to be proven at trial.

## FIRST CAUSE OF ACTION
### (Negligence and/or Recklessness)

28. Plaintiff incorporates all preceding paragraphs herein and further alleges the following:

29. Defendant Fennell's conduct as described was at a minimum negligent and at worst knowingly or recklessly indifferent to the rights and safety of other persons on the road, including Stanley Riley, in one or more of the following particulars:

   a. Failing to control his vehicle;

   b. Failing to yield the right of way to an oncoming vehicle in a lawful position;

   c. Failing to keep a proper lookout;

   d. Speeding, or driving too fast for existing conditions; and

   e. Other negligent and reckless conduct which discovery may reveal.

30. Defendant's negligence and/or recklessness and indifference to the rights of others was a direct and proximate cause of Stanley Riley's injuries and death, and the damages suffered by Plaintiff and the heirs and estate of Stanley Riley.

## SECOND CAUSE OF ACTION

(Respondeat Superior)

31. Plaintiff incorporates all preceding paragraphs herein and further alleges the following:

32. At all relevant times, Defendant Fennell was acting within the course and scope of his employment with Bennett Trucking.

33. Defendant, Bennett Trucking, as the employer of Defendant Fennell is liable under the doctrine of respondeat superior for all conduct and liability of Defendant Fennell

### THIRD CAUSE OF ACTION
(Survival Action – Utah Code Ann. § 78B-3-107 v. Defendants)

34. Plaintiff incorporates all preceding paragraphs herein and further alleges the following:

35. Stanley Riley experienced significant pain and suffering from his injuries caused by Defendants prior to passing away.

36. Stanley Riley suffered both economic and non-economic damages due to injuries which resulted from the Defendants' negligence.

37. Stanley Riley ultimately died as a result of Defendants' negligence.

38. Pursuant to Utah Code Ann. § 78B-3-107, Stanley Riley's heirs may pursue his claims against Defendants for the special and general damages he suffered prior to his death.

### FOURTH CAUSE OF ACTION
(Negligent Hiring/Training)

39. Plaintiff incorporates all preceding paragraphs herein and further alleges the following:

6

40. Defendants, on information and belief, were negligent and/or reckless in hiring, training, supervising, regulating, monitoring, disciplining, and/or testing Defendant Fennell.

41. Defendants' negligent and/or reckless hiring, training, supervising, regulating, monitoring, disciplining, and/or testing was a direct and proximate cause of Stanley Riley's injuries and death, and the damages suffered by Plaintiff and the heirs and estate of Stanley Riley.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for relief as follows:

    a. For non-economic damages in an amount to be determined at trial;

    b. For economic damages in an amount to be determined at trial;

    c. For punitive damages;

    d. For costs, interest, and attorneys' fees to the extent allowed by law; and

    e. Such other relief as the Court deems appropriate.

## TIER DESIGNATION

Pursuant to Utah Rules of Civil Procedure 8(a) and 26(c)(3), this matter falls under Tier 3 and should be permitted discovery pursuant to Tier 3.

DATED this 2nd day of September, 2014.

                LOWE LAW GROUP

                /s/ Pete Lowe
                Zachary Peter Lowe
                Eric Hinckley